May it please the court. My name is Mario Valencia. I'm court-appointed counsel for Petitioner Appellant Joseph Weldon Smith in this case, and I was just explaining to counsel here that this is sort of awkward for me because I'm arguing against my client, but certainly I believe arguing in what's in his best interest. This is an appeal filed in proper person by Mr. Smith before I was appointed as his attorney. He was represented by the Federal Public Defender's Office in the district court, and what happened in the case was that Mr. Smith filed his habeas petition and then requested the appointment of counsel. The district court appointed the Federal Public Defender's Office, and then several months later they filed a first amended habeas petition. Counsel, why do we have jurisdiction over this appeal? A few months ago in Thompson v. Frank, we held that a district court order staying proceedings to allow a state habeas petitioner to exhaust claims is reviewable after final judgment and is not subject to interlocutory appeal. Correct, Your Honor, and we – I agree if what you're stating is that you don't have jurisdiction, I agree wholeheartedly with that. Under Thompson v. Frank, this court does not have jurisdiction to determine Mr. Smith's proper person appeal. He appealed the stay order that was issued under Rines v. Weber, which is exactly the issue that was decided in Thompson v. Frank, and the – everybody agreed that the only way this court would have jurisdiction over that appeal, including Mr. Smith, would be if this court found that the collateral order doctrine applied, and in Thompson v. Frank, a panel of this court determined that the collateral order doctrine does not apply. I guess the one troubling aspect of it, and potentially a distinguishing characteristic, is that his individual position is that he does not want those claims to be exhausted. He wants them just to go away and proceed now with the claims that have been exhausted. And with respect to that assertion, that will never be reviewable. That issue will never be reviewable because, by definition, those things will have been exhausted and time will pass. So is that – is that something that should enter into our analysis? Well, first, I would respectfully disagree in the sense that it would be unreviewable because – especially in this case because of the facts and why Mr. Smith is taking the position that he is as far as the unexhausted claims. Procedurally, the First Amendment petition was filed, and then several – a couple months later or three months later, the State filed their motion to dismiss it, saying that he had to cleanse it or the entire thing had to be dismissed and he would not be able to proceed even on his exhausted claims. And so Mr. Smith, of course, filed this waiver. And so what he was saying was basically he was trying to protect himself in saying – I don't understand what your client's doing. Nothing's better than a stay-in-abeyance order. It's just a gift. The judge could have dismissed his mixed petition under Supreme Court law now as it is, and instead he gave him a break. He also could have given him a chance to just dismiss the unexhausted claims, but stay-in-abeyance is the best possible result. Nevertheless, your client has some beef, and I can't figure out what it is. What it is, Your Honor, if you take a look at the Federal Public Defender's brief that was filed and their excerpts of record – I mean a real beef, not a technical discussion. Personally, I think – He says he thinks they're shills. A shill is actually somebody who helps bid off the price at an auction. I think he means what prisoners usually mean. They're in cahoots. Yeah. But I still don't know how it matters. Mr. Smith honestly believes he's got the one claim that's the winner. The winner. And he also believes he should be able to dictate exactly what happens in this case. So there had actually been a motion that had been filed in the district court to relieve the Federal Public Defender's office because he wanted them to file a summary judgment motion in this case on that one claim, believing that that one claim is his ticket out of jail. When, of course, the district court denied that motion and said that it's up to the Federal Public Defender's office to investigate the claims and do what they needed to do, he has always maintained – he still maintains to this day that he's got that one issue that's going to get him out. What's his one issue? What is his one issue? It has to do with a complaint that was or wasn't filed in the district court proceedings to bring him originally into district court, state district court. There had to be either an indictment or a complaint. He claims that there is no complaint, at least not on record, that anybody's been able to use. Because it wouldn't matter if he was indicted, right? No, it wouldn't. And the truth of the matter is that that claim was asserted anyways in the First Amendment petition. It's in there. So the Federal Public – But we just think something's a winner that almost certainly isn't. Right. The other – to answer your question, Judge Graber, as to it not being reviewable, it is reviewable because at the end of this case, if there's a final judgment and there's an appeal, then this Court can take a look at that and determine what Mr. Smith is really asking this Court to determine, which is that he had the right to waive the unexhausted claims. And this Court can say – Well, the only way it would be not reviewable is if he's correct. In other words, if he says, I want to go forward right now with the claims that are already exhausted because I'm going to win and I'm going to get out of jail right now, and then eight years down the road he does win, then he's been deprived of that eight years in my hypothetical. So in theory, that's his concern, I guess. Two things. Under Mohawk, again, I don't think we can engage in an individualized analysis. It has to be a category. That's first. Secondly is that although it's true that he would stay in prison, the fact is that he doesn't want to stay on death row any longer than he has to. On the flip side of that, there's also great prejudice that he would be giving away these potentially meritorious, unexhausted claims, which is – He could die because of it, right? Exactly. In a three-time murderer sentence to death? That's right. He was sentenced – yeah, he was really sentenced to death on all three, and then after several appeals he's sentenced to death on one life to the other two. But that's right. He'd be signing his execution, basically. And then for sure, those unexhausted claims, we would never be able to litigate those on his behalf. So again, one, I agree. This Court does not have jurisdiction because of Thompson v. Franken. So the beef is if only you asserted the defect in the complaint before I got indicted that brought me into court. They would never have brought me into court. I'd be in Mexico or someplace. I'd be home free. So if you assert that and drop everything else, I'll get out of jail. I can go enjoy the rest of my life. That's basically what he believes. Is that basically it? Yeah. Okay, now I understand the case. Yeah. Yeah, that's his beef. And he could control what his lawyer did if he still had a gun. A hammer, in this case. He killed them all with a hammer? Yeah. Yeah. So I'd like to reserve the rest of my time. While you may do that, we'll hear from Mr. Resch. Good morning. May it please the Court. I'm Jamie Resch on behalf of the Respondents. This is a unique case for me as well. I've never had one of these appeals where there's been more than one position to each side advanced. And so in this case, we have Mr. Smith basically arguing that this Court has jurisdiction to hear his proper person appeal. As of just a few months ago, everybody in the case agreed. Mr. Valencia had filed a brief, and Mr. Smith all agreed that there was jurisdiction. And then comes this Thompson case, which is obviously very troubling if you're someone who thinks this Court should have jurisdiction, such as I do. And so to help explain that, I guess I'll point the Court back to its prior decision in the Marchetti case, which is what I talked about in the supplemental brief, that back in 1992, a panel of the Ninth Circuit already concluded that in a very similar case with a very similar issue, that there was collateral order jurisdiction to hear whether or not a case should be stayed. The opposing counsel has correctly noted that the Mohawk decision urges us not to look at individual cases and what problems could arise from those, but rather to look at categories of cases. And I have difficulty seeing how we can, in that world of categories, distinguish Thompson v. Frank. All right. That's fair enough, and I will be happy to explain it. I'm prepared in this case to take the whole category of cases such as Mr. Smith's, the category of where a petitioner does not want his case stayed, and yet his attorney does, and therefore moves to have the case stayed. I just don't think that's going to come up very often, if ever again, because in a proper person's case. But that's really a category of facts, and I think that's not what, in my view only, I'm concerned that that's not what Mohawk is talking about. I think the universe that we have to think about is stay and abeyance orders as a category of order of court action. Well, this is where it gets a little dicey. I'm not the appealing party, so I will do my best to interpret what Mr. Smith is saying for you, to give you jurisdiction in this case. It's not clear that he's particularly upset with the fact that the stay and abeyance was entered. I think he thinks that the Court should never have gotten to that point, that he had filed a waiver of all his unexhausted claims, and his problem is that the Court, instead of giving that effect, chose to strike it from the record and go on to the stay and abeyance procedure. So the issue isn't, Rines doesn't necessarily resolve the issue, because we still have this question of, well, what do we do when someone's represented by counsel and they want to waive their unexhausted claims, and the Court won't give that any effect? And so that's a slightly different class of cases, and, again, I don't think if you... But he's not appealing from the order that struck the waiver. Well, the order striking it is in the order granting the stay and putting the case back in state court. Fair enough. So you think that's the category of order that we should be thinking about and order striking appealing? The category is the, again, I guess maybe I am focused more on the facts, the category of petitioners who do not want to stay who have one put upon them by their lawyer. And I think that that class, if you look at it that way, is going to be exceedingly narrow if, in fact, it ever comes up again. Because most unrepresented petitioners would be making the choice. I mean, we do federal habeas every day where someone does not have an attorney, and they're the ones making the choice whether or not they want to go back to state court. But from your perspective, from your client's perspective, the result would be the same that the stay and abeyance order would be effective, either if the appeal is dismissed or if it's affirmed. Well, obviously, at the end of this case, I'm still asking to have it remanded. I mean, no matter what happens, we're going to be back in district court. And, you know, for the government's position, obviously I don't have a problem with if someone is represented by counsel but wants to get rid of their unexhausted claims that that is a choice that they ought to be able to make. So if we're moving on to the merits of the case. Your idea is that you go back to district court with an order that says he's entitled to command his lawyer to dismiss all of the unexhausted claims and get an adjudication on the exhausted ones anyway. Well, again, I think Smith and I, at first I thought we were arguing pretty similar positions. But I think he's asking for something slightly different than what I was suggesting. And, no, I'm not asking this Court to make any decision of that nature. I think that that involves some findings of fact which the district court never made, and that's why we ought to go back and have the district court consider whether or not we're going to give effect to his waiver. So what do you want? I would ask that you remand the case with instructions that the district court hold a hearing and determine whether or not Mr. Smith's waiver of these unexhausted claims is knowingly and voluntarily made. And if it is, then the district court can decide what it's going to do with it, whether, you know, whether to say, well, I find that it is, but we're still going to ignore it, or maybe it finds that it wasn't knowingly made. Because as this Court has suggested, you know, if his goal is to preserve his life, then it would be tough for me to stand here and say, well, not engaging in stained abeyance is a bad idea. Obviously, it's strung this case out in additional almost going on three years at this point. And so if his goal is to stay alive, then stained abeyance is not a bad thing for him. But what Mr. Smith alluded to in some of the briefs to this Court was that that's not necessarily his goal. I don't think he's on a mad rush to get to the lethal injection table, as it may be. But he has said that he is elderly, he is ill, and he thinks he has some claims that he wants the district court to hear sometime in his natural lifetime. So all I would say is that if that's a choice that he wants to make, good or bad, it's one that he ought to be able to make. I think that Mr. Smith himself, though, if I may, is arguing something very slightly different. He's cited to Rose v. Lundy in the other cases which sort of say, well, we can have the stained abeyance, and a petitioner needs to decide what they're going to do with the unexhausted claims. And I think it's Rose v. Lundy that uses the word petitioner very precisely. And so he's latched onto that and thought, well, that means me. And, you know, I haven't exactly adopted that position. I read it a little more generally to say maybe the petitioner's team. But as I was preparing for this argument, it did occur to me that the district court already sort of does what Mr. Smith is saying in other cases, that particularly where someone is not represented, they'll give the petitioner the choice and they'll explain to them, you know, you can do this or you can do that. And even where they're represented by counsel, they've entered very similar orders in cases where a stained abeyance has been contested and said, consult with your client and either file something waiving your unexhausted claims or file a motion to state the case and go back to state court. And so there is some benefit to be made to his argument that petitioner actually means petitioner, because that's a choice that every day is being offered by the district court to both representatives. There are some things that a lawyer controls in litigation and some things the client is entitled to control. And there is some Supreme Court law on what a lawyer is entitled to control and what a client is entitled to control. I don't recall any Supreme Court law on who controls waiver of unexhausted claims if the lawyer and the client disagree. Do you happen to recall any Supreme Court law or failing that? I don't recall that, and I don't – you know, I've spent countless hours trying to research this very issue to come to you with anything that would very clearly outline what we do when there's this kind of debate between a lawyer and his client in the habeas context, and I just haven't found anything. It's just not an issue that really comes up. You've made some sense of it. Old, sick guy might say, I want to get this done, so I either get out or I don't, and then I can forget about the litigation because I think I'll get out. You know, I dare say, if I may, on Mr. Smith's behalf, perhaps it's about taking some pride in the remaining time of your life, that he thinks he has these claims and he doesn't want to waste time before they're heard when there is a way in which he could have them heard, and he's not being allowed to do that due to a problem with his attorney. I guess we've got two minutes remaining here. Let me talk about this real quick. The problem for all of this is that counsel is not constitutionally mandated in the context where Mr. Smith has been appointed counsel, and so I don't necessarily disagree with the district court's way of handling it, which was to say, well, let's look to conflict of interest law and we'll go. We'll back up just a minute. Certainly. You say Marchetti. He says Thompson. Thompson unquestionably says just what your opposing counsel wants it to say. It's Thompson, very unhelpful for jurisdiction. Well, it's a holding. It binds us. Yes. Curiously, Thompson doesn't cite Marchetti, or if it does, I missed it. I'm missing one page of the decision in my book. Oh, right. Well, I sort of alluded to that in the supplemental brief, and it's kind of what bothered me about this whole issue. It does not cite to it. Not only that, I went and got the State's brief in that case, and they didn't cite to it. So I guess my concern is that you have a 1992 case, but then I insert it. What does Marchetti mean? I understood Judge Beeser's concurrence in that, but I don't know, I don't understand quite why this falls within Cohen. Oh, well, I can go back to those basic factors for collateral order jurisdiction. I guess I would point out that Thompson and Marchetti and all the cases that have looked at this have really only focused on that last factor, whether or not there's any ability to review the order in question after final judgment. That's been where all of these cases have fallen on this issue. And where we're talking about a substantial public interest or some order of particular value, it goes back to kind of how we started the argument, that you have this conflict of interest, even where counsel's not constitutionally mandated. And it's already resulted in the federal public defender having to withdraw from the case. And I guess my view and probably the district court's view was that, well, we've appointed you a new counsel. That's going to take care of the problem. Instead, we end up where we are now, where there's a new lawyer's been appointed, and we still have the same issue. Let me make sure I understand your Mohawk argument. Your Mohawk argument is that we're not dealing with orders of stay and abeyance. We're dealing with orders that strike a purported waiver of unexhausted claims, and we have no cases on that. Is that your argument? I'm taking it more as a totality. You have an order that does both of those things, stays the case and strikes, gives no credence to his request to waive unexhausted claims. And so given that total mix, this unique situation, you're outside of the holding of Thompson, you're more closer to the holding in Marchetti, and you should be able to find jurisdiction to hear the case. I'm out of time if there's further questions we haven't answered. I think we're either out of questions or have so many we don't know where to start. I'm not sure which it is, but thank you. All right. Thank you. Mr. Valencia, you have some time remaining. I guess I have a question for you. Yes. Usually in death penalty cases, all of us lawyers and judges think in terms of the prisoner's interest in avoiding execution. But I can imagine a rational prisoner saying, look, I don't really care if I get executed or die of natural causes. What I really care about is whether I'm free or not free. Why doesn't his interest in being free or not free entitle him to immediate review of a stay in abeyance order under Cohen? Aside, that's if we could see some way to get around Thompson, which offhand I don't see. Okay. I have to say I'm not sure that I understand the question. His interest in being free? What he's saying is that your client imagines he's going to get sprung on this argument that there's something wrong with the complaint that brought him in for his bail hearing. Let's suppose he was right. Let's imagine he was right. Well, he may think, say, I don't want to lose five years of my freedom or whatever while we fool around with a whole lot of litigation of claims I think are weak. I want to get free on this claim. And my lawyer tells me one of the other claims may be better and I may avoid the death penalty. Avoiding the death penalty is not a big thing to me. I'm going to die one way or another anyway, sooner or later. What's a big thing to me is getting some freedom before I die. So I want to get this done on my theory that the complaint was no good. Why, if Thompson didn't bind us otherwise, wouldn't he be entitled to appeal the stay in abeyance order on the ground that there's no way he could ever bring his complaint about five years of delay before an appellate court unless he was allowed to appeal it? Well, and again because I'm thick, I'm sitting there going there are so many problems with that in the first place because dealing with, if we're just dealing with the stay in abeyance order again, even if his interest, which by the way is the interest also of the Federal Public Defender's Office to a degree, is to assert the best claims possible to get him out, reverse the judgment. But the stay in abeyance order, whether or not the Rines factors were properly applied in this case, is not an issue. He doesn't even take issue with that. And that is, you know, the three factors of whether there was good cause and, you know, he didn't intentionally engage in dilatory tactics and that his claims are potentially meritorious. As long as that has been met, which is exactly what the case is in this case, and the State has stipulated to that, then according to Rines, the Supreme Court says it might even be an abuse of discretion for the district court not to grant a stay in abeyance. So I don't know that what his interest is has to do with the stay in abeyance. What he's actually getting to more is I get to call the shots, not a stay in abeyance, but I actually get to say I'm going to waive the claims and you don't get to say that. Well, counsel, that's actually the question that I wanted to ask you has to do with what remains open to him in the future. If he were to sit down with counsel, whether it's you or another iteration of counsel, and explain why he wants to waive certain claims, then presumably he, through counsel or otherwise, could again seek to waive those claims and proceed. In other words, isn't the same avenue open to him again if he can convince his counsel that it makes sense in his particular situation? If that's true, I don't know where that takes us, I guess, into non-finality territory. Well, two things. You're right, that could potentially happen, but if you take a look at cases like Jones v. Barnes dealing with an appeal where the Supreme Court said, no, counsel doesn't have to assert issues or claims on appeal, even non-frivolous ones that the client demands that be asserted on appeal. Potentially, this happens all the time to those of us who have these appeals. You'll have a criminal defendant who disagrees with the issues I believe should be raised on appeal, and then they'll file motions to have me taken off the case because they get to call the shots. And this Court repeatedly holds that's not true and cites to the cases from the appellate commissioner. Waiver is a little different, though. You're quite right about the formulation of the brief on appeal. However, waiver, I think the law is that even if it's a really bad idea, a man has a right to waive all kinds of rights. He has a right to have various claims that are better than his complaint claim litigated. But, gosh, he also has, everybody has a right to jury trial, and they can waive it. They can plead guilty. Their lawyer can tell them keep your mouth shut, and they can decide to talk and waive their right to silence. Why can't he waive better claims and proceed with his weak one? Well, first of all, because he's not qualified, honestly, to make that determination, which are the stronger claims and which are the weaker claims. I was stipulating that it's unintelligent. Yeah, yeah, no question. And as the State pointed out, there's not a single case that they concite to that says that that is a right, a right to decide to waive certain claims or not waive other claims, simply so that he and his mind can have a quicker adjudication in federal court. There's no question that that's what he wants. He wants to be free. He wants to be out. That's the goal. He believes the faster route, which is a strategic, a tactical one, is to say I'm going to waive those claims. Not that he takes issue with them like some of the other things that he has submitted to this court, holdings in the district court where the petitioner actually took issue with the claims, claims of being mentally incompetent or claims that he wanted asserted that counsel wouldn't claim. But in this case, he's not saying that. He's just saying, look, I'm waiving those. Fine, you filed a motion to dismiss. I'll waive those, and let's hurry up and let's get the district court to decide. And that's really what he's saying. He doesn't have that right. That's a tactical decision, which is saying what's the best way to get you there? And counsel is in the best position to determine that, not a criminal defendant sitting on the floor. What if, in following up on Judge Kleinfeld's question, what if he just found out that he had cancer? And he said, I want this over with. Drop the case altogether. Could he do that? You bet he could, as long as there was a hearing held in district court and they found him mentally competent to do that. And he said, I don't want to go any further with any litigation. Absolutely he has that right. Then how is that different than what you're arguing here? Again, because the decision to say, in that sense, he's basically saying, I want to die. I don't want to litigate this anymore. I don't want to proceed. That's certainly his right, sort of like saying how he's going to plead, plead guilty or not guilty. That's his right. And there's case law on that and everything else. But here you're saying, as I understand your argument, it is he's not giving up the right to litigate. He just wants to say how the litigation should proceed in the particulars. Exactly. That is, in this case, not in any way, shape, or form has Mr. Smith ever said that he wants to forego litigating this, that he wants to just say, that's it. You know, I'll just, you know, resign myself to whatever the decision was in the state court, and if I'm going to be executed, so be it, or I'll just die here of old age until they get around to it. Quite the opposite. He's wanting to litigate this. But he wants to litigate it on his terms, based on what he, in his mind, believes is the best course of action to get him to where he wants to be. Has he said he wants to waive the rights that the district judge said he has to exhaust, or has he just said, I want the, what is legally impossible, I want to appeal and have a chance to litigate those rights? Has he said he wants to waive the unexhausted claims? Yeah, he did. He filed a waiver saying that he wanted to waive the unexhausted claims so that he could get immediate Federal adjudication. So he doesn't want to waive the whole case. He just wants to waive the unexhausted claims. That's right. Thank you, counsel. We appreciate the arguments from both of you in this unusual case. And it is now submitted.
judges: Molloy, Kleinfeld, Graber